IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JUST FOR YOU COACH, INC., | ) | CASE NO. 19-81116-CRJ |
| EIN: XX-XXX3094 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION UNDER SECTIONS 105 AND 362 OF
THE UNITED STATES BANKRUPTCY CODE AND MOTION FOR CONTEMPT**

COMES NOW the debtor Just for You Coach, Inc. ("Debtor"), and hereby moves this Court for an award of damages and determination of civil contempt under Sections 105 and 362 of the Bankruptcy Code for injuries sustained as a result of actions taken by Bank Independent ("the Bank") for willfully disregarding of the automatic stay under Section 362(a), whereby exercising control over the Debtor's bank account without an order of this Court permitting them to do so. In further support, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is pursuant to 11 U.S.C. § 105.

**INTRODUCTION**

4. On April 11, 2019, (the "Petition Date"), Debtor filed a Chapter 11 bankruptcy petition commencing the above-captioned bankruptcy case.

5. Since the Petition Date, Debtor has continued as a debtor and debtor-in-possession of its property pursuant to §§ 1107 and 1108 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

6. The Debtor is in the business of providing coach bus transportation services.

## FACTS

7. On April 9, 2019, the Bank received a Garnishment from the Circuit Court Clerk of Morgan County to garnish funds from the Debtor. The Bank removed approximately $9816.00 from the Debtor's account and placed those funds "on hold."

8. The Debtor, which was never served with Garnishment nor had any other prior notice of the pending garnishment, was notified by the Bank on April 11, 2019, that the Bank had received the Garnishment.

9. Consequently, the Debtor had to rush to the Bank to deposit funds to cover the automatic withdrawal for his fuel. If the fuel draft had been returned, Debtor would have been cut off by that supplier.

10. Debtor notified the Bank of the automatic stay by sending a filed copy of the Petition and by telephone conversations.

11. The Bank claims that it will not release the funds that are "on hold" until the Circuit Court provides the Bank notice that the Garnished funds are due to be released due to the Debtor's bankruptcy and the automatic stay.

12. The Bank is withholding operating funds of the Debtor.

## THE ARGUMENT

I. VIOLATION OF THE AUTOMATIC STAY.

Upon the filing of a petition in bankruptcy, a stay of "any act to collect, assess, or recover a claim against the debtor that arise before the commencement of the case under this title." 11 U.S.C. § 362(a)(6); *see also, Baird v. U.S. (In re Baird),* 319 B.R. 686, 689 (Bankr. M.D. Ala 2004) (Williams, J.) (holding that the Internal Revenue Service willfully violated the automatic

stay by sending collection letters to the debtor). In the instant case, Debtor was originally denied access to the $9816.00 of funds placed on hold by the Bank, which is a direct violation of the automatic stay.

II. ENFORCEMENT OF BANKRUPTCY COURT ORDERS.

    A. POWER OF COURT.

Section 105 of the Bankruptcy Code provides that a bankruptcy [c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Section 105 further authorizes the bankruptcy court, even sua sponte, to take any action necessary or appropriate to enforce or implement orders of the court, or the Federal Rules of Bankruptcy Procedure, or to prevent an abuse of process. 11 U.S.C. § 105(a).

    B. ELEMENTS OF CONTEMPT.

Contempt requires proof a collector (1) had knowledge of a bankruptcy court order and (2) intended conduct that violated the order. *In re Wallace*, No. 09-bk-594-PMG, 2011 Bankr. LEXIS 1168 (U.S. Bankr. M.D. Fla. Apr. 5, 2011).

    C. LEGAL STANDARD FOR CONTEMPT.

To recover compensatory sanctions against a collector, a violation must be proved with clear and convincing evidence. *Campbell v. Bradley Fin. Grp.*, No. 13-604-CG-N, 2014 U.S. Dist. LEXIS 93050 (S.D. Ala. July 9, 2014)

**RELIEF REQUESTED**

Debtor requests an emergency order from this Court requiring the return of the funds to Debtor's account, and to assess appropriate compensatory, punitive and other damages, as well as attorney's fees, and such other relief as this Court deems just and proper.

3

WHEREFORE, premises considered, after notice and opportunity for hearing, the Debtor respectfully requests that this Court grant the relief requested in this Motion, and for such other and further relief as this Court deems just and proper.

Respectfully submitted on April 15, 2019.

                                        /s/ Stuart M. Maples
                                        STUART M. MAPLES
                                        (ASB-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

## CERTIFICATE OF SERVICE

I do hereby certify that on April 15, 2019, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

J Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602
Via email: richard_blythe@alnba.uscourts.gov

Bank Independent
Hartselle Branch
P.O. Box 5000
Sheffield, AL 35660

All parties requesting notice via the Court's ECF system

                                        /s/ Stuart M. Maples
                                        STUART M. MAPLES