IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 19-81116-CRJ11 |
| JUST FOR YOU COACH, INC., | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |

**MOTION FOR ALLOWANCE OF SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM DUE TO FAILURE OF DEBTOR TO PAY ADEQUATE PROTECTION**

CIT Bank, N.A. ("CIT"), secured creditor and party-in-interest in the above-styled bankruptcy case of Just For You Coach, Inc. (the "Debtor"), respectfully moves the Court for allowance of a superpriority administrative expense claim pursuant to 11 U.S.C. §§ 503(b) and 507(b). In support of this motion (the "Motion"), CIT states as follows:

1. On April 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtor and CIT entered into that certain Master EFA Agreement #ME01594265 (as amended from time to time, the "EFA Agreement"). A true and correct copy of the EFA agreement is attached to CIT's *Motion for Relief from Stay and to Order Granting Adequate Protection* [Doc. 42] (the "Motion for Relief") as **Exhibit A**.

3. In connection with the EFA Agreement, the Debtor executed Equipment Schedule #DCC-1267161 to the EFA Agreement, whereby CIT financed the Debtor's purchase of a 2005 Prevost H3-45 Seral # 2PCH3349051010267 and a 2006 Prevost H3-45 Serial # 2PCH3349361010491 (collectively, the "Collateral"). The Debtor agreed repay CIT through six (6) monthly payments of $49.00 and then sixty (60) monthly payments of $2,993.88.

1

4. As security for the Debtor's obligations under the EFA Agreement, the Debtor granted CIT a first priority security interest in the Collateral, as evidenced by the certificates of title attached to the Motion for Relief collectively as **Exhibit B**.

5. On June 20, 2019, this Court entered the *Agreed Order on Motion for Relief from Stay and to Order Granting Adequate Protection* [Doc. 48] (the "Agreed Order") ordering, among other things, that the Debtor make adequate protection payments in the amount of $8,981.64, consisting of monthly payments of $2,993.88 for the consecutive months of April, May, and June, 2019 and then surrender the Collateral on or before July 1, 2019.

6. However, as of the date of this filing, the Debtor has failed to make the Court-ordered adequate protection payments.

7. CIT's claim is allowable as an "actual, necessary cost and expense of preserving the estate" under Section 503(b)(1)(A) of the Bankruptcy Code. The Debtor agreed to pay the contractual monthly payments under the EFA Agreement to retain the Collateral for April, May, and June of 2019, and its use of the Collateral benefitted the estate. Accordingly, CIT's claim should be allowed pursuant to Section 503(b). *See In re Carpet Ctr. Leasing Co., Inc.*, 991 F.2d 682, 686–87 (11th Cir.), *opinion amended on denial of reh'g,* 4 F.3d 940 (11th Cir. 1993) ("Debtor actively sought to retain possession of the tractors by agreeing to pay Paccar monthly adequate protection payments. The negotiation for continued possession of the tractors in return for adequate protection is a post-petition transaction providing new value to the bankruptcy estate."); *In re McGill*, 78 B.R. 777, 780 (Bankr. D.S.C. 1986) ("That the use of the collateral was necessary to the debtor's reorganization is evidenced by the debtor's efforts to retain the collateral by attempting to provide adequate protection payments.").

8. Additionally, CIT's claim is further entitled to superpriority pursuant to Section 507(b) of the Bankruptcy Code. Section 507(b) provides that "[i]f the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(2) of this section arising from the stay of action against such property under section 362 of this title, … then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection." CIT's administrative expense claim for the Court-ordered adequate protection payments is therefore entitled to superpriority status.

**WHEREFORE**, CIT respectfully requests this court enter an order (i) granting it a superpriority administrative expense claim under 11 U.S.C. § 503 and 507(b) in the amount of $8,981.64; and (ii) providing such order and further relief as the Court deems just and appropriate

Dated: November 13, 2019  /s/ Andrew J. Shaver  
                                       Andrew J. Shaver  
                                       **BRADLEY ARANT BOULT CUMMINGS LLP**  
                                       One Federal Place  
                                       1819 Fifth Avenue North  
                                       Birmingham, Alabama  35203  
                                       Telephone:  (205) 521-8000  
                                       ashaver@bradley.com

                                       *Attorney for CIT Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all attorneys of record in this matter as specified in the Notice of Electronic Filing to be issued by the electronic case filing system, including without limitation the following, through the Court's electronic filing/electronic case management system on this the 13th day of November, 2019:

Stuart M. Maples
Maples Law Firm
200 Clinton Ave., STE 1000
Huntsville, AL 35801
*Counsel for Debtor*

Richard M. Blythe
United States Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602
*U.S. Bankruptcy Administrator*

And by U.S. Mail to the parties listed on the attached **Exhibit A**.

/s/ Andrew J. Shaver
Of Counsel

**EXHIBIT A**

1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-81116-CRJ11<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Wed Nov 13 09:36:16 CST 2019 | Advantage Funding Commercial Capital Corp.<br>Engel, Hairston & Johanson, P.C.<br>c/o Alto Lee Teague, IV<br>P.O. Box 11405<br>Birmingham, AL 35202-1405 | Bank Independent<br>c/o Cindy Slate Cook<br>PO Box 1344<br>Decatur, AL 35602-1344 |
| Just For You Coach, Inc.<br>1725 Walls Lane NE<br>Hartselle, AL 35640-5933 | Steering Committee<br>c/o Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| *Advantage Funding Commercial Capital Co.<br>c/o Alto Teague<br>P.O. Box 11405<br>Birmingham, AL 35202-1405 | *Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | *McCarthy, Burgess & Wolfe<br>26000 Cannon Rd.<br>Cleveland, OH 44146-1807 |
| *McGriff Tire<br>1625 County Road 437<br>Good Hope, AL 35055-1215 | *Secretary of the Treasury<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | *U.S. Securities and Exchange Commission<br>Regional Director, Branch of Reorganizat<br>Atlanta Regional Office, Suite 900<br>950 East Paces Ferry Road<br>Atlanta, GA 30326-1180 |
| *United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | *United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington DC 20530-0001 | *United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 |
| Bank Independent<br>Hartselle Branch<br>PO Box 5000<br>Sheffield, Al 35660-0137 | Bank Independent<br>PO BOX 5000<br>Sheffield, AL 35660-0137 | Bank Independent<br>PO Drawer B<br>Sheffield, AL 35660 |
| CIT Bank<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 | CIT Bank, N.A.<br>c/o Andrew J. Shaver<br>Bradley Arant Boult Cummings LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203-2120 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Joyce White Vance<br>US Attorney General<br>1801 4th Ave North<br>Birmingham, AL 35203-2101 | Loretta Lynch US Attorney General<br>US Dept. of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0009 | Luther Strange<br>Alabama Attorney General<br>PO Box 300152<br>Montgomery, AL 36130-0152 |
| McGriff Industries, Inc.McGriff Tire<br>c/o Lynne Ponder<br>P.O. Box 1148<br>Cullman, AL 35056-1148 | State of Alabama<br>Department of Revenue Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 | Richard Blythe<br>BA Decatur<br>P O Box 3045<br>Decatur, AL 35602-3045 |
| Richard M Blythe<br>United States Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 | Stuart M Maples<br>Maples Law Firm, PC<br>200 Clinton Avenue W.<br>Suite 1000<br>Huntsville, AL 35801-4919 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)CIT BANK, N.A. | End of Label Matrix |
| | Mailable recipients 28 |
| | Bypassed recipients 1 |
| | Total 29 |